IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

YENNI CAMACHO,                          §
    Plaintiff,       §
       §
       §
v.                                       §   No. 3:23-CV-2770-S
       §
SAJEDA INC. d/b/a MARIA'S                §
GROCERY, and ABDEL HUSSEIN               §
    Defendants.      §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Yenni Camacho's Amended Petition for Rule to Show Cause filed on February 3, 2026.  (Dkt. No. 35 ("Mot.").)  By her motion, Camacho asks the Court to issue an order to show cause requiring Defendant Abdel Hussain to explain why he should not be held in civil contempt for failing to pay the default judgment that has been entered in this case.

United States District Judge Karen Gren Scholer referred the motion to the undersigned magistrate judge for recommendation under 28 U.S.C. § 636(b).  (Dkt. No. 32.)  For reasons discussed below, the undersigned recommends that the motion be denied.

**I.  BACKGROUND**

Camacho filed this lawsuit in December 2023 alleging that Defendants Hussein and Sajeda Inc. failed to pay her overtime wages as required by the Fair

1

Labor Standards Act ("FLSA").  (*See* Dkt. No. 1.)  Defendants never appeared in this action, so, on December 5, 2025, the Court granted Camacho's second motion for default judgment and entered a default judgment requiring Defendants to pay $27,610.00 in liquidated damages, attorney's fees, and court costs within 30 days of entry of the judgment.  (Dkt. Nos. 29, 30.)

On February 3, 2026, Camacho filed the instant motion seeking to enforce the default judgment using the Court's contempt power.  Camacho, through her attorney, advises that she served a copy of the default judgment on Defendants by email and left voicemail messages at Sajeda's business telephone number.  (Mot. at 1.)  Camacho contends that Defendants have not responded to her attempts to secure payment of the default judgment and requests an order requiring Hussein to show cause why he should not be held in civil contempt for failure to pay the default judgment.  (*Id.* at 2.)

## II.  LEGAL STANDARDS AND ANALYSIS

Fed. R. Civ. P. 69(a)(1) provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise."  The Fifth Circuit has made clear that those final few words—"unless the court directs otherwise"—do not invite alternatives to a writ of execution as the default and almost exclusive method of enforcing a money judgment.  *See Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 568–69 (5th Cir. 2006) ("[W]e do not interpret the exception to execution to permit a federal court to enforce a money judgment by . . . methods other than a writ of execution, except in cases where established principles so warrant." (quoting *Shuffler v. Heritage*

2

*Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983) (internal quotation marks omitted))). Courts have held, therefore, that "when a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt." *Biton v. Jackson*, No. CIV-23-968-SLP, 2025 WL 510929, at *2 (W.D. Okla. Feb. 14, 2025) (quoting *Abbasid, Inc. v. First Nat'l Bank of Santa Fe*, No. CV-09-00354 JP/LFG, 2010 WL 11493333, at *2 (D.N.M. Sept. 9, 2010), and citing additional cases); *see also Pastreich v. CSI Corp. of DC*, No. 24-CV-6648, 2026 WL 507407, at *3 (S.D.N.Y. Feb. 24, 2026) (declining plaintiff's request for contempt sanctions based on nonpayment of default money judgment); *Sec. & Exchange Comm'n v. Faulkner*, No. 3:16-CV-1735-D, 2018 WL 5459178, at *2 (N.D. Tex. Oct. 29, 2018) ("[A] final judgment per Rule 69 usually is not enforceable by contempt."); *Pemex Exploración Y Producción v. BASF Corp.*, No. CV H-10-1997, 2016 WL 6806421, at *5–6 (S.D. Tex. Aug. 12, 2016) (concluding that contempt sanctions were unavailable for nonpayment of a money judgment).

Camacho's motion seeking to lay the groundwork for civil contempt sanctions treats the money judgment entered on Defendants' default like any other order and asks the Court to enforce it through contempt sanctions like any other order. Camacho does not acknowledge Rule 69(a)(1) or its instruction that a writ of attachment is the method used for enforcing a money judgment. Because Camacho cannot enforce the default judgment by relying on the Court's contempt authority, her motion should be denied.

3

## III. RECOMMENDATION

The undersigned magistrate judge **RECOMMENDS** that the District Judge

**DENY** Camacho's Amended Petition for Rule to Show Cause (Dkt. No. 35).

**SO RECOMMENDED** on March 17, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## NOTICE OF RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4